UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER SMITH,

    Plaintiff,

    v.

CITY OF BERKELEY, et al.,

    Defendants.

_____/

No. C 13-4947 PJH

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

    Plaintiff Christopher Smith filed this action on September 24, 2013, in the Superior Court of California, County of Alameda, alleging federal and state constitutional violations and a claim of unlawful debarment. Defendants removed the action on October 24, 2013, asserting federal question jurisdiction.

    On February 4, 2014, plaintiff filed a motion to amend and supplement the complaint, to add allegations regarding events that he claims were either "recently discovered as a result of further investigation into the actions and events already set forth in the complaint," or that had occurred since the filing of the original complaint, and to assert additional causes of action. On February 5, 2014, defendants filed a motion to stay the case, pending resolution of the underlying nuisance abatement proceeding between the City of Berkeley and plaintiff. Also on February 5, 2014, plaintiff filed a motion for a preliminary injunction.

    An injunction is a matter of equitable discretion and is "an extraordinary remedy that

may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted).

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20. Alternatively, the plaintiff may demonstrate that the likelihood of success is such that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Showing "serious questions going to the merits" requires more than establishing that "success is more likely than not," and it requires a plaintiff to demonstrate a "substantial case for relief on the merits." Leiva–Perez v. Holder, 640 F.3d 962, 967 (9th Cir. 2011). And even where success on the merits is likely or "serious questions" are raised an injunction "is not a remedy which issues as of course." Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982).

Plaintiff seeks an injunction

> (1) prohibiting the City of Berkeley and its personnel from entering his residence without a warrant and (2) prohibiting the City from resubmitting a materially false and misleading warrant application previously relied upon by the City to obtain a warrant for the forcible entry into Mr. Smith's home. [He] further requests that the Court schedule a hearing pursuant to Franks v. Delaware, to determine whether all evidence and materials seized pursuant to the warrant obtained by the City should be suppressed.

Motion at 1.

The claims as to which plaintiff asserts he is likely to succeed appear to be the additional claims that he seeks to add in the proposed amended and supplemental complaint. Accordingly, because the court has not yet granted the motion for leave to

amend and supplement the complaint, those claims are not yet at issue in the case and cannot form the basis for a motion for preliminary injunction.

Accordingly, the motion is DENIED, without prejudice to refiling once the court has ruled on the motion to amend and supplement the complaint.

**IT IS SO ORDERED.**

Dated:  February 18, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge