1
2
3
4
5              UNITED STATES DISTRICT COURT
6             NORTHERN DISTRICT OF CALIFORNIA
7
8
9
10

**United States District Court**
For the Northern District of California

11   CHRISTOPHER SMITH,

12          Plaintiff,                    No. C 13-4947 PJH

13      v.                                **ORDER GRANTING DEFENDANTS'
                                          MOTION TO STAY; ORDER GRANTING**
14   CITY OF BERKELEY, et al.,            **PLAINTIFF'S MOTION TO AMEND
                                          COMPLAINT**
15          Defendants.
     _____/
16

17          The motion of defendants City of Berkeley, City of Berkeley Medical Cannabis

18   Commission, City of Berkeley Code Enforcement Unit, City of Berkeley Planning and

19   Development Department, and City of Berkeley Office of the City Manager (collectively,

20   "City of Berkeley" or "the City), and Gregory Daniels, Nathan Dahl, and Elizabeth Greene to

21   stay the above-entitled action, and plaintiff Christopher Smith's motion for leave to file an

22   amended and supplemental complaint, came on for hearing before this court on March 12,

23   2014.  Plaintiff appeared by his counsel G. Whitney Leigh, and the City appeared by its

24   counsel Laura Nichole McKinney.  Having read the parties' papers and carefully considered

25   their arguments, the court hereby GRANTS the motions as follows.

26                              **BACKGROUND**

27          Plaintiff Christopher Smith is a resident of Berkeley, California, and has for some

28   time resided at 1820-1828 San Pablo Avenue ("the Premises").  The building is a two-story

United States District Court
For the Northern District of California

commercial building, with retail businesses on the ground floor, and 11 residential units (which the City claims are not up to code) on the second floor.

Plaintiff alleges that he began residing at the Premises in 1998, pursuant to an oral lease agreement with its owner.  In 2009, plaintiff established the "Forty Acres Medical Marijuana Growers' Collective" ("Forty Acres") at this location.  He claims that at the time of its creation, Forty Acres was a legal medical marijuana collective under the City of Berkeley Municipal Code.[1]

In 2010, Berkeley voters amended the original 2008 Act, adding a provision stating that medical cannabis collectives would not be permitted in commercial or manufacturing districts, and would be allowed only as "incidental" to "residential use."

On December 8, 2011, following an inspection of the Premises by a City Code Enforcement officer, Forty Acres received a Notice of Violation letter.  Plaintiff claims that in that December 8, 2011 letter and in subsequent communications, the City wrongfully asserted that Forty Acres is not a medical cannabis collective, or has refused to acknowledge Forty Acres as a "non-conforming use" that predates the 2010 amendment to § 12.26 of the Municipal Code.

On December 22, 2011, plaintiff received another letter asserting that he and Forty Acres were causing a nuisance on the Premises, and that they were engaging in illegal drug activity.  He claims that beginning in late 2011, because they were being fined up to $500 per day, the owners of the Premises began issuing eviction notices to the second-story tenants based on their use of the eleven units on that story.

In January 2012, plaintiff was served with a Notice to Perform Covenant or Quit, complaining of his "illegal marijuana activities" on the Premises.  The City subsequently issued a Notice of Violation letter, stating that "the second floor contains unlawfully

---

[1] Section 12.26 of the Berkeley Municipal Code is entitled "Patients Access to Medical Cannabis Act of 2008."  Section 12.26.030 ("Definitions") provides a definition of "medical cannabis collective."  Section 12.26.040 authorizes "qualified patients" to join together "with or without their primary caregivers to form medical cannabis collectives for the purpose of acquiring or cultivating and manufacturing medical cannabis solely for the personal medical use of the members who are qualified patients."

1 constructed spaces" and that no zoning approval or building permits for those units had
2 been obtained.

3     On March 15, 2012, the Secretary of the Berkeley Medical Cannabis Commission
4 wrote on behalf of the Planning and Development Department to say that plaintiff's
5 previous applications for use permits to operate a medical cannabis collective at the
6 Premises and at a second location had been denied, because the properties were zoned
7 both residential and commercial.

8     Plaintiff asserts that under current zoning ordinances, four medical marijuana
9 dispensaries are allowed within the City, but that as of the date of the filing of the complaint,
10 the City had approved only three, none of which are owned by individuals of ethnic or racial
11 minorities.  Plaintiff claims that Forty Acres is owned by "individuals who identify with ethnic
12 or racial minorities" and that the City has denied him and Forty Acres equal protection
13 under the law on the basis of his racial and ethnic identity.

14     Clarence Soe, owner of the Premises, filed an unlawful detainer action in Alameda
15 County Superior Court in 2012, and obtained a jury verdict and judgment in his favor on
16 November 5, 2013.  However, this judgment related only to occupancy of Units 4 through
17 10 – the units plaintiff was using for the medical marijuana dispensary.

18     Upon execution of the writ of possession, Mr. Soe discovered that plaintiff had also
19 taken possession of Units 1 through 3 and 11.  Thereafter, Mr. Soe commenced an action
20 against plaintiff for "forcible detainer" involving Units 1-3 and 11.  On August 21, 2013, the
21 jury found that plaintiff had not forcibly entered Units 1-3 and 11 (based on the finding that
22 he had not broken a door or window in order to enter, and had not removed any previous
23 occupants by means of force or threats).  Thus, Mr. Soe did not prevail in the second action
24 and plaintiff remains in possession of those units.

25     A few weeks prior to the jury trial in the unlawful detainer action, plaintiff filed suit in
26 Alameda County Superior Court against Mr. Soe for fraud (Case No. RG12651266), and
27 Mr. Soe has filed a cross-complaint for ejectment and trespass against plaintiff and Forty
28 Acres.  The trial in this third action between plaintiff and the owner is set for May 19, 2014.

**United States District Court**
For the Northern District of California

3

United States District Court

For the Northern District of California

1    Meanwhile, on September 4, 2013, defendant Gregory Daniels (a code enforcement

2 officer) and several other City of Berkeley personnel, along with the property owner Mr.

3 Soe, entered the second-story premises of 1820-1828 San Pablo in an attempt to inspect

4 the units there.

5    On September 11, 2013, the City filed a civil nuisance action, In re Property Located

6 at 1820 and 1828 San Pablo Avenue, Berkeley, California (Alameda Co. Sup. Ct., Case

7 No. RG13695156), requesting issuance of an inspection warrant for the Premises.  The

8 City asserted the September 4, 2013 inspection as a basis for the warrant.  Plaintiff

9 asserts, however, that the September 4, 2013 entry was unlawful.  On September 19,

10 2013, the court granted the request, and issued the warrant.  As subsequently reissued,

11 the warrant specified that the inspection should go forward on October 7, 2013, but no later

12 than October 21, 2013.

13    Meanwhile, plaintiff filed the original complaint in the present action in the Superior

14 Court of Alameda County, on September 24, 2013, against the City of Berkeley, and three

15 individual City employees.  The original complaint asserts four causes of action against all

16 defendants – (1) a claim under 42 U.S.C. § 1983 for violation of the Due Process Clauses

17 of the Fifth and Fourteenth Amendments (alleging that "the City denied the legality of [the]

18 business operation without sufficient due process"); (2) a claim of due process violations

19 under Cal. Const. Art. 1, sec. 7 (alleging denial of due process "when the City denied the

20 permits necessary for the continued legality of [p]laintiffs' medical marijuana collective

21 and/or dispensary"); (3) a claim under § 1983 for violations of the Equal Protection Clause

22 (alleging that the City "afford[ed] preferential treatment to medical cannabis organizations

23 which are owned and operated primarily by white or Caucasian individuals, and [refused] to

24 work with [p]laintiff[ ] on [the] ongoing attempts to bring [his] medical cannabis organization

25 within the legal boundaries of the Berkeley Municipal Code"); and (4) a claim of unlawful

26 debarment (alleging that defendants "fail[ed] to promulgate [the City's] own voter-approved

27 mandate to create a fourth medical cannabis dispensary in the City of Berkeley").

28    The complaint seeks damages, and also seeks injunctive relief "to compel the City of

1  Berkeley to recognize Forty Acres Medical Marijuana Growers' Collective as a legal

2  medical marijuana collective under the Berkeley Municipal Code[;]" and "to compel the City

3  of Berkeley to discharge its obligation to name a fourth medical marijuana dispensary, per

4  zoning ordinance 23E.16.070."  Defendants filed a notice of removal on October 24, 2013,

5  asserting federal question jurisdiction.

6      Meanwhile, on October 8, 2013, the City conducted an inspection pursuant to the

7  warrant issued by the Alameda County Superior Court, and subsequently instituted

8  administrative nuisance proceedings based on observations made during that inspection.

9      On October 21, 2013, the City issued a Notice of Public Nuisance, directing plaintiff

10  and Forty Acres to cease all cannabis operations by October 28, 2013.  The notice

11  provided that the order could be appealed by filing an appeal with the City no later than 15

12  days from the date of the order.  Plaintiff filed a notice of appeal on November 5, 2013.   On

13  January 14, 2014, the City filed a request for dismissal of the civil nuisance abatement

14  action (No. RG13695156).

15      On January 22, 2014, plaintiff requested that defendants stipulate to allow him to

16  amend and supplement the complaint in the present action.  Defendants' counsel advised

17  counsel for plaintiff that defendants would stipulate to the proposed amendment if plaintiff

18  would agree to a stay of this case while the underlying administrative nuisance abatement

19  proceeding and any timely challenge thereto is pending.

20      On February 4, 2014, plaintiff filed a motion to amend and supplement the complaint

21  in this action.  Plaintiff seeks to join a fourth City of Berkeley employee, and also to add

22  four new causes of action to the four existing causes of action.

23      The prayer for relief in the proposed amended complaint is the same as in the

24  original complaint, with one addition – plaintiff also seeks an order "enjoining the City of

25  Berkeley from resubmitting, in support of future warrant applications, the false and

26  incomplete warrant affidavit used to obtain the warrant to search Mr. Smith's residence,

27  and to preclude the City of Berkeley from repeating the warrantless invasions of Mr. Smith's

28  residence complained of herein."

United States District Court

For the Northern District of California

1    On February 5, 2014, defendants filed a motion to stay the present action pending

2  resolution of the underlying nuisance abatement proceeding between the City and plaintiff –

3  the proceeding that was initiated by the issuance of the Notice of Public Nuisance on

4  October 21, 2013.

5                              **DISCUSSION**

6  A.    Motion to Stay

7        1.    Legal Standard

8        A court's power to stay proceedings is incidental to its inherent power to control the

9  disposition of its cases in the interests of efficiency and fairness to the court, counsel, and

10  litigants.  Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936).  For the sake of judicial

11  economy, such a stay may be granted pending the outcome of other legal proceedings

12  related to the case.  Leyva v. Certified Grocers of Calif., Ltd., 593 F.2d 857, 863-64 (9th

13  Cir. 1979).  The separate proceedings may be judicial, administrative, or arbitral in nature,

14  id., and the issues in the two proceedings need not be identical, Landis, 299 U.S. at 256.

15       The district court's determination of whether a stay is appropriate "must weigh

16  competing interests and maintain an even balance."  Id. at 254-55.  These competing

17  interests include

18          the possible damage which may result from the granting of a stay, the
            hardship or inequity which a party may suffer in being required to go forward,
19          and the orderly course of justice measured in terms of the simplifying or
            complicating of issues, proof, and questions of law which could be expected
20          to result from a stay.

21  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55).

22       If there is "even a fair possibility" that the stay will harm the non-moving party, the

23  party seeking the stay must "make out a clear case of hardship or inequity in being required

24  to go forward."  Landis, 299 U.S at 255.  This burden is imposed on the moving party only if

25  the party opposing the stay first demonstrates that there is a "fair possibility" that a stay will

26  work damage to someone else.  See Dependable Highway Exp., Inc. v. Navigators Ins.

27  Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  However, "being required to defend a suit,

28  without more, does not constitute a 'clear case of hardship or inequity' within the meaning

6

1    of <u>Landis</u>."  <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1112 (9th Cir. 2005).   In addition, a

2    stay should not be granted unless it appears likely that the other proceeding will be

3    conclude within a reasonable time in relationship to the urgency of the claims presented to

4    the court.  <u>Leyva</u>, 593 F.2d at 864.

5        2.    Defendants' Motion

6        Defendants argue that the court should issue a stay under <u>Landis</u> to promote

7    economy of time and effort for the court, for counsel, and for the parties.

8        First, defendants contend, a stay will serve justice by simplifying issues, proof, and

9    questions of law.  They note that the parties in this case and the nuisance abatement

10   proceeding are the same (Christopher Smith, and the City of Berkeley), and argue that the

11   facts and legal issues in both proceedings are the same.

12       For example, defendants assert, the first cause of action in the present case alleges

13   due process violations based on the City's determination that plaintiff's medical marijuana

14   dispensary was operating illegally under Berkeley law; and that it is this very determination

15   that is subject to review by a hearing officer based on plaintiff's appeal of the Notice of

16   Public Nuisance and Order to Cease Operations.  Defendants note that plaintiff argued in

17   the November 5, 2013 Notice of Appeal (of the Notice of Public Nuisance) that "the City

18   has erroneously determined that 40 Acres is an ongoing illegal operation" and that this

19   constitutes a "violation of Mr. Smith's due process rights."

20       Similarly, defendants contend, the fourth cause of action for unlawful debarment is

21   also based on the City's determination that plaintiff's cannabis dispensary was operating

22   illegally under local law, and on its refusal to recognize the dispensary as a legal non-

23   conforming use.  While plaintiff's appeal does not include the second part of this argument,

24   defendants assert that plaintiff's counsel has indicated to the City's counsel that he intends

25   to advance his legal non-conforming use argument in support of the appeal.

26       In addition, defendants assert that plaintiff's proposed first amended complaint

27   ("FAC") provides additional support for a stay, as the second cause of action in the new

28   proposed FAC is based on the City's "deni[al of] the legality of [plaintiff's]  business

7

1   operations without sufficient due process," Proposed FAC ¶ 40; and is also based on the

2   City's alleged entry onto plaintiff's "property without a warrant and later with a warrant

3   fraudulently obtained," id.  Defendants contend that this is the exact issue plaintiff

4   previously raised in the civil nuisance abatement action via his evidentiary objections to the

5   inspection warrant.[2]

6        Similarly, defendants contend that the third cause of action is dependent on

7   plaintiff's claim that the City improperly determined that plaintiff's cannabis dispensary was

8   not a pre-existing non-conforming use; that the proposed fifth and sixth causes of action

9   are based on the allegations that the City entered his property without a warrant and later

10   fraudulently obtained an inspection warrant; and that the proposed seventh and eighth

11   causes of action are also dependant on the claim that his constitutional rights were violated

12   when the City allegedly entered his property without a warrant and later fraudulently

13   obtained an inspection warrant and issued the Nuisance Order.  Defendants argue that all

14   these claims involve issues that have been previously raised by plaintiff or will be raised in

15   the pending administrative proceeding.

16        In their second main argument, defendants assert that plaintiff will not suffer

17   irreparable damage or a miscarriage of justice if a stay is imposed.  They contend that

18   plaintiff must exhaust his administrative remedies when challenging an administrative

19   action, and argue that substantial weight must be given to the fact that resolution of

20   plaintiff's appeal of the Nuisance Order is a "condition precedent" to this litigation.

21   Defendants argue that the main impact of a stay is a delay in potential money damages,

22   but argue that a delay in recovery of money damages has been held to be insufficient to

23   qualify as substantial harm for purposes of a stay request.

24        In their third main argument, defendants assert that they will suffer a hardship if a

25   stay is not granted and they are required to conduct litigation in two fora on basically the

26   same issues.  According to defendants, the Berkeley City Attorney's Office has only one

27   _____

28        [2] Defendants claim that the hearing officer will be ruling on these evidentiary objections
     in the pending administrative proceeding.

United States District Court

For the Northern District of California

1    part-time attorney available to work on this case.

2          In opposition, plaintiff argues that the issues to be determined in the administrative

3    proceeding are issues connected with his occupancy of Units 1-3 and 11, while the issues

4    to be litigated here relate to his occupancy of Units 4-10, which occurred at a different time.

5    He claims that because the issues are different, a stay is not warranted, and that the City is

6    improperly attempting to portray its pursuit of his marijuana dispensary as part of a single

7    continuum, whereas in actuality, the administrative proceeding targeted a "different

8    residence" altogether.

9          Finally, plaintiff contends that he harm he will suffer if this case is stayed far

10   outweighs any harm that defendants might suffer if both cases proceed together.  He

11   argues that the proposed FAC presents requests for injunctive relief that the hearing officer

12   has no authority to grant (an order enjoining further warrantless searches of his residence

13   and an order prohibiting the resubmission of the allegedly defective warrant application and

14   affidavits); and thus, that a stay of this action will effectively preclude him from seeking

15   relief from the violation of his constitutional rights.

16         Plaintiff also asserts that he will be harmed by the indefinite delay in the

17   administrative proceeding, as there is no guarantee that it will be concluded within a

18   reasonable time, as no hearing date has been set and there have been several changes in

19   the hearing officer.  In addition, he suggests that any subsequent petition for administrative

20   mandamus will add considerable time.

21         As for defendants, plaintiff contends that they will not be irreparably harmed, and

22   suggests that it is irrelevant that the City will be forced to defend itself in two fora – as he

23   claims he did not elect to initiate the administrative proceeding, and he is the one who has

24   to defend himself in the appeal that he initiated regarding the Notice of Public Nuisance and

25   Order to Cease Operations.

26         The court finds that the motion must be GRANTED.  The court is persuaded that

27   allowing the case to go forward before the administrative proceeding (and subsequent

28   petition for writ of mandamus) has been resolved would complicate the issues, proof, and

1 questions of law.

2       For the reasons argued by defendants, the court does not agree with plaintiff that

3 the present action involves one set of events, and the administrative proceeding involves a

4 second, and entirely separate, set of events (particularly as reflected in the allegations of

5 the original complaint and the proposed FAC).

6       The October 21, 2013 Notice of Public Nuisance that gave rise to the pending

7 administrative proceeding declared the continued operation of Forty Acres at 1820-1828

8 San Pablo Avenue to be a public nuisance which was subject to abatement by the City, and

9 ordered Christopher Smith to cease and desist all cannabis operations at 1820-1828 San

10 Pablo by October 28, 2013.

11      In the present lawsuit, plaintiff claims that the City denied him due process when it

12 "denied the legality" of his cannabis dispensary, and when it "denied the permits

13 necessary" for operation of the marijuana collective; and he also alleges that the City

14 denied his Equal Protection rights by giving "preferential treatment" to white operators of

15 marijuana dispensaries.

16      Plaintiff seeks unspecified damages, and also seeks an order "compel[ling] the City

17 of Berkeley to recognize Forty Acres Medical Marijuana Growers' Collective as a legal

18 medical marijuana collective under the Berkeley Municipal Code[;]" and "compel[ling] the

19 City of Berkeley to discharge its obligation to name a fourth medical marijuana dispensary,

20 per zoning ordinance 23E.16.070."   In the proposed FAC, he adds a request for an order

21 enjoining the City from resubmitting the warrant application it used to obtain the warrant it

22 executed on October 8, 2013, and to preclude the City from conducting "warrantless

23 invasions" of his residence.

24      The court finds that while the claims asserted in this action are not absolutely

25 identical to the issue(s) being determined in the administrative proceeding, a ruling in this

26 action that the City had violated plaintiff's constitutional rights by denying him a permit to

27 operate a cannabis collective would directly conflict with the City's claim that plaintiff's

28 cannabis operation at 1820-1828 San Pablo is a public nuisance because it is being

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   operated in violation of Berkeley's zoning ordinances – particularly given that plaintiff

2   alleges in the complaint that he previously applied for permits to operate a medical

3   cannabis collective at the Premises.

4        In addition, the challenge to the Notice of Public Nuisance and Order to Cease

5   Operations includes, among other things, the allegation that the City violated plaintiff's due

6   process rights when it determined that Forty Acres was an ongoing illegal operation, which

7   was based on part on the September 4, 2013 inspection and the subsequent October 8,

8   2013 inspection pursuant to the warrant obtained by the City.  Any finding in this case that

9   the affidavit contained false statements, or that the October 8, 2013 search (which led to

10  the issuance of the Notice and Order that is being challenged in the administrative

11  proceeding) was unlawful would potentially conflict with the ongoing administrative

12  proceeding.  At a minimum, plaintiff needs to exhaust administrative remedies with regard

13  to the October 21, 2013 Notice and Order.

14       As for the balance of hardships, it is plaintiff's burden to show that there is a "fair

15  possibility" that a stay will work damage to himself or someone else.  Because plaintiff has

16  not made this showing, defendants are not required to make out a "clear case of hardship

17  or inequity."  While neither side has provided a persuasive argument that granting or

18  denying the motion will create substantial hardships, the court finds that defendants have

19  shown that a stay is warranted.

20       When challenging an administrative action, a plaintiff must exhaust his

21  administrative remedies.  See Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).  Resolution of

22  plaintiff's administrative appeal of the Nuisance Order is a "condition precedent" to this

23  litigation, and the court is obligated to give substantial weight to that fact.  See Chronicle

24  Pub. Co. v. Nat'l Broadcasting Co., 294 F.2d 744, 747-48 (9th Cir. 1961).  Resolution of the

25  legality and propriety of the Nuisance Order will clarify the equitable issues for all the

26  parties and the court.  The facts in the two cases are closely intertwined, and the City

27  should be free to litigate the appeal that plaintiff filed to conclusion before being required to

28  defend against an action that raises many of the same factual and legal issues.

United States District Court

For the Northern District of California

B.      Plaintiff's Motion for Leave to File Amended and Supplemental Complaint

1.      Legal Standard

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend his complaint once the defendant has answered, but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also Chodos v. West Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").  Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive.  Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004).

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) "is intended to give district courts broad discretion in allowing supplemental pleadings." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).  "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) (quotation and citation omitted). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1982) (citations omitted).  The factors relevant to a Rule 15(a) motion to amend complaint are considered when addressing a motion to amend under Rule 15(d). See, e.g., Al Haramain Islamic Found., Inc., 2012 WL 6203136 at *8 (D. Or. 2012).  "Those factors include: (1) bad faith; (2) undue delay; (3) prejudice to the opponent; and (4) futility of the amendment." Id.

2.      Plaintiff's Motion

As noted above, plaintiff seeks leave to amend and supplement the complaint

United States District Court
For the Northern District of California

1  pursuant to Rule 15(a) and 15(d), by adding a new defendant and four new causes of

2  action.  Plaintiff claims he wants to add facts that were recently discovered as a result of

3  further investigation into actions and events already set forth in the complaint, or which

4  occurred after the filing of the complaint and are sufficient to support additional causes of

5  action.

6         Plaintiff argues that all the <u>Foman</u> factors favor granting leave to amend – there has

7  been no undue delay and no bad faith, defendants will not be prejudiced if the motion is

8  granted, amendment will not be futile, and plaintiff has not previously amended the

9  complaint.

10        Similarly, he asserts, supplemental pleadings are favored because they enable the

11  court to grant complete relief in the same action, thus avoiding costs and delays of multiple

12  suits.  Plaintiff has not provided a comprehensible list of the "new facts," but presumably

13  this includes anything that is alleged to have occurred after September 25, 2013, the date

14  the original complaint was filed – including but not limited to the October 8, 2013 inspection

15  conducted pursuant to the warrant, and the issuance of Public Nuisance on October 21,

16  2013.

17        In opposition, defendants argue that for the reasons set forth above, the court

18  should stay the action.  They contend that the outcome of this case is to a great extent

19  dependent on resolution of the underlying administrative nuisance abatement proceeding,

20  which is ongoing.  They do not object to the filing of the FAC as such, but they maintain

21  that the case should be stayed, regardless of whether plaintiff is granted leave to amend or

22  not.

23        The motion is GRANTED.  Motions to amend are generally freely granted, and

24  defendants have not provided any reason to deny the motion, nor do any of  the <u>Foman</u>

25  factors warrant denying it.  Nevertheless, the court does not grant leave to file the amended

26  complaint until after the stay has been lifted, following the resolution of the administrative

27  appeal of the City's nuisance abatement action, and any subsequent petition for writ of

28  mandamus and appeal to the California Court of Appeal.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

In accordance with the foregoing, defendants' motion for a stay is GRANTED, and plaintiff's motion for leave to file an amended and supplemental complaint is GRANTED. The first amended complaint may not be filed until after the stay has been lifted.

The parties shall notify the court immediately upon resolution of the administrative proceeding and any subsequent petition for administrative mandamus and appeal to the California Court of Appeal. The first amended complaint shall be filed no later than 28 days from the date the stay is lifted.

**IT IS SO ORDERED.**

Dated: March 21, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

14