UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF BERKELEY, et al.,<br><br>  Defendants. | Case No. 13-cv-04947-HSG<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A MOTION TO CONTINUE THE STAY** |

On March 21, 2014, the Court granted the motion to stay filed by Defendants City of Berkeley, City of Berkeley Medical Cannabis Commission, City of Berkeley Code Enforcement Unit, City of Berkeley Planning and Development Department, City of Berkeley Office of the City Manager, Gregory Daniels, Nathan Dahl, and Elizabeth Greene. Dkt. No. 39. Since the case was reassigned to the undersigned on February 13, 2015, the parties have, by order of the Court, filed several brief statements regarding whether the stay should be lifted. *See* Dkt. Nos. 40-42 (case management statements discussing the stay); Dkt. No. 44 (joint status report regarding whether the stay should be lifted); Dkt. No. 48 (Defendant's statement arguing for the stay). At the March 14, 2017 case management conference, Defendants argued that the stay should remain in effect.[1]

Judge Hamilton's March 2014 order reasonably explained why staying the case was appropriate under *Landis v. North American Co.*, 299 U.S. 248 (1936), at that time. *See* Dkt. No. 39 at 6-7 (legal standard); *id.* at 7-12 (reasoning). But nearly three years have passed since that order was issued. In light of the extensive passage of time, Defendants' most recent statement,

---

[1] Plaintiff disobeyed the Court's most recent order for the parties to file a joint statement. *See* Dkt. No. 48 ("Defendant attempted to contact Plaintiff's counsel via email and telephone, including emailing a copy of the proposed statement. Having not received a reply from Plaintiff's counsel, Defendant files the following case status statement.") Moreover, on March 14, 2017, Plaintiff's counsel failed to appear at the case management conference, which the Court had set to discuss the status of the case, including whether the stay should be lifted. Continued failure to follow the Court's orders will result in sanctions.

Dkt. No. 48, and the discussion that took place at the March 14, 2017 case management conference, the Court must reassess whether the stay is still warranted. Therefore, the Court **DIRECTS** Defendants to file a motion to continue the stay by April 14, 2017. The motion should include a full discussion of the status of the various state court proceedings, and explain in detail the justification under *Landis* and other controlling authority for continuing to stay this matter.

**IT IS SO ORDERED.**

Dated: 3/15/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge