UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY, et al.,<br><br>Defendants. | Case No. 13-cv-04947-HSG<br><br>**ORDER DISMISSING CASE**<br><br>Re: Dkt. No. 70 |

On January 18, 2018, Defendants filed a motion for summary judgment. Dkt. No. 68. Plaintiff failed to file an opposition. On February 7, 2018, Defendants notified the Court of Plaintiff's non-opposition to the motion. Dkt. No. 69. Plaintiff did not respond. On February 14, 2018, the Court directed Plaintiff to show cause why summary judgment should not be granted based on Plaintiff's failure to oppose Defendants' motion. Dkt. No. 70. Again, Plaintiff did not respond. On February 22, 2018, Plaintiff failed to appear at the hearing on Defendants' pending motion. Dkt. No. 71. The Court stated, on the record, that a dismissal for failure to prosecute would likely result. *See id.* Plaintiff has not submitted anything to the Court since that time.

A court may dismiss a claim for failure to prosecute or for failure to comply with a court order after weighing the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). A court has discretion to dismiss an action under Rule 41(b) with or without prejudice. *See Al–Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996).

Here, the first two factors, the public's interest in expeditious resolution of litigation and

the Court's need to manage its docket, weigh in favor of dismissal. This case has been pending since 2013. *See* Dkt. No. 1. The case was stayed from March 2014 to April 2017 due to related proceedings in state court. *See* Dkt. No. 24. Since early 2017, Plaintiff has consistently failed to advance his case. For instance, Plaintiff failed to respond when the Court ordered the parties to file a joint status update regarding the status of the parties' state court litigation. *See* Dkt. No. 48 at 1. The Court held a case management conference the following week, and Plaintiff did not appear. *See* Dkt. No. 51. The stay was lifted only after Defendants filed a statement of non-opposition to lifting the stay. *See* Dkt. No. 52. While Plaintiff filed a response to Defendants' motion to dismiss, he did so six months ago. *See* Dkt. No. 64, 65. In the intervening period, Plaintiff failed to (1) oppose Defendants' summary judgment motion; (2) respond to the Court's subsequent order to show cause; and (3) attend the hearing on Defendants' summary judgment motion. *See* Dkt. Nos. 68–71. Because of Plaintiff's sustained silence, this action remains at a standstill.

The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). As the Court explained above, Plaintiff's unexplained absences—including the future delays that will likely result—are unreasonable.

The fourth factor, public policy favoring disposition of cases on their merits, generally weighs against dismissal. Nevertheless, here, the Court has no reason to believe that this case will proceed to trial. Plaintiff appears to have abandoned his action, having missed several Court-ordered deadlines in the past six months. *See* Dkt. No. 65.

Lastly, the fifth factor, availability of less drastic sanctions, also weighs in favor of dismissal. As stated above, this case simply is not moving toward resolution. Without some action by Plaintiff, the case cannot be resolved appropriately nor can the Court fashion a lesser sanction.

//

//

Accordingly, the Court **DISMISSES** the case without prejudice.  The clerk is directed to enter judgment in favor of Defendants and against Plaintiff and to close the case.

**IT IS SO ORDERED.**

Dated: 3/1/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge